UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAMELA MORRIS,<br><br>                        Plaintiff,<br><br>        -against-<br><br>PENSKE TRUCK LEASING CO. L.P.,<br><br>                        Defendants. | 25-CV-3529 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in White Plains, New York, brings this action, *pro se*, under Title VII of the Civil Rights Act of 1964, alleging that Defendant Penske Truck Leasing Co. L.P. ("Penske") discriminated against her on the basis of her sex.[1] For the following reasons, this action is transferred to the United States District Court for the District of Connecticut.

## DISCUSSION

Title VII includes a venue provision, which provides that claims may be brought

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3).

Plaintiff alleges that she worked as a truck driver for Penske. In her complaint, she provides a Stamford, Connecticut address for Penske (*see* ECF 1, at 2), and attaches to her

---

[1] The Court granted Plaintiff's application to proceed *in forma pauperis* on May 7, 2025 (ECF 5.)

complaint her Charge of Discrimination, which she filed with the Connecticut Commission on Human Rights & Opportunities, (*see* ECF 1-1, at 2). She also indicates in her Charge that, on one occasion, she drove from Syracuse, New York, to Connecticut. (*See id.*)

Based on Plaintiff's submissions, it appears that this district is not the proper venue for this action. Plaintiff's employment records likely are maintained in Penske's Stamford, Connecticut office where it appears that Plaintiff worked. Moreover, the decisions regarding Plaintiff's employment also likely occurred in Stamford. Thus, under Title VII's venue provision, it appears that venue is proper in the District of Connecticut.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. Plaintiff indicates that Penske is located in Connecticut where she filed her Charge of Discrimination. Her Charge also indicates that she worked in Connecticut, and her employment records are likely located

there. Accordingly, the Court transfers this action to the United States District Court for the District of Connecticut. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Connecticut. A summons shall not issue from this court. This order closes this case in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 27, 2025
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                Chief United States District Judge